**Electronically Filed
Intermediate Court of Appeals
30238
16-NOV-2012
09:00 AM**

NO. 30238

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MYMAN O.K. SPARKS, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2668)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant Myman O.K. Sparks (Sparks), *pro se*, appeals from the Order of Dismissal of his "Motion to Proceed with the Common Law of the Hawaiian Islands L1892 Chapter LVII, Section 5," (Motion) filed November 17, 2009 in the Circuit Court of the First Circuit (circuit court).[1]

On appeal, Sparks contends, *inter alia*, that the circuit court improperly dismissed his Motion, in which he had petitioned for a writ of habeas corpus. In its Order of Dismissal, the court stated that "Writs of Habeas Corpus have been abolished in the State of Hawai'i in favor of Hawai['] i Rules of Penal Procedure [(HRPP)] Rule 40 petitions." The court dismissed the petition without prejudice to the filing of a Rule 40 petition.

---

[1] The Honorable Eden E. Hifo presided.

In his Motion, Sparks sought post-conviction relief based on his belief that he was illegally confined. Habeas corpus proceedings are encompassed within HRPP Rule 40. HRPP Rule 40(a). We review the denial of an HRPP Rule 40 petition *de novo*. See State v. De Guair, 108 Hawai'i 179, 187, 118 P.3d 662, 670 (2005).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Sparks's appeal as follows:

Rather than dismissing Sparks's Motion on the basis that writs of habeas corpus have been abolished in favor of HRPP Rule 40 petitions, the circuit court should have treated Sparks's Motion as an HRPP Rule 40 nonconforming petition. Turner v. Hawai'i Paroling Authority, 93 Hawai'i 298, 306-07, 311, 1 P.3d 768, 776-77, 781 (App. 2000); HRPP Rule 40(c)(2).

HRPP Rule 40(c)(2) sets out the criteria for the court to consider a nonconforming petition:

> (2) *Nonconforming Petition.* Where a post-conviction petition deviates from the form annexed to these rules, it shall nevertheless be accepted for filing and shall be treated as a petition under this rule provided that the petition (i) claims illegality of a judgment or illegality of "custody" or "restraint" arising out of a judgment, (ii) is accompanied by the necessary filing fee or by a well-founded request to proceed without paying filing fees, and (iii) meets minimum standards of legibility and regularity.

Sparks's Motion meets the criteria for a nonconforming petition under HRPP Rule 40(c)(2). The Motion: (i) claims that Sparks is being held illegally by the State of Hawai'i pursuant to judgments in three criminal cases; (ii) Sparks submitted a Request To Proceed Without Paying Filing Fees, which was

belatedly approved by the circuit court;[2] and (iii) the Motion met minimum standards of legibility and regularity.

The rule further provides the procedure for the court to follow in handling a nonconforming petition under HRPP Rule 40:

> When treating a nonconforming petition as a petition under this rule, the court shall promptly clarify by written order that the requirements of this rule apply and, if the information in the petition is incomplete, may require the petitioner to file a supplemental petition in the form annexed to these rules before requiring the state to respond.

HRPP Rule 40(c)(2). Thus, the circuit court may address any missing information in the nonconforming petition by entering an order instructing Sparks to supplement his petition as necessary under the rule.

Therefore,

IT IS HEREBY ORDERED that the Order of Dismissal filed on November 17, 2009 in the Circuit Court of the First Circuit is vacated and this case is remanded for the circuit court to address Sparks's Motion as a nonconforming HRPP Rule 40 petition.

DATED: Honolulu, Hawai'i, November 16, 2012.

On the briefs:

Myman O.K. Sparks
Petitioner-Appellant Pro Se

Kristin L. Cuccaro
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[2] Sparks's Request to Proceed Without Paying Filing Fees was approved by the circuit court on November 27, 2009, ten days *after* the court had dismissed the case on November 17, 2009. On remand, the circuit court should re-address Sparks's request to waive the filing fees to avoid any question as to the circuit court's jurisdiction when it approved the waiver on November 27, 2009.